# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Eric Andrew Wong, | Civil No. 11-cv-176 (JNE/SER) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Michael J. Astrue, Commissioner of Social Security, | |
| Defendant. | |

---

David L. Christianson, Esq., Social Security Disability Law Center, 1201 Marquette Avenue South, Suite 110, Minneapolis, Minnesota 55403, on behalf of Plaintiff.

David W. Fuller, Esq., Office of the United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, on behalf of Defendant.

---

STEVEN E. RAU, United States Magistrate Judge.

The above-entitled matter comes before the undersigned United States Magistrate Judge on Plaintiff Eric Andrew Wong's ("Wong") Motion for Award of Attorney's Fees. [Doc. No. 28]. Defendant does not oppose the Motion or the amount of fees requested. (Def.'s Resp. to Pl.'s Mot. for Att'y's Fees, "Def.'s Mot.") [Doc. No. 29]. This matter has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and the District of Minnesota Local Rule 72.1. For the reasons set forth, the Court recommends Wong's Motion for Award of Attorney's Fees be granted.

**I.     BACKGROUND**

Wong filed this action on January 24, 2011, challenging the Commissioner of Social Security's ("Commissioner") decision denying Wong's application for Social Security Disability and Supplemental Security Income benefits due to lack of disability. (Compl.) [Doc. No. 1 at 1].

On February 17, 2012, this Court issued a Report and Recommendation, finding that the Administrative Law Judge ("ALJ") failed to meet his obligation at step three of the five-step sequential analysis and, therefore, the record was insufficiently developed to evaluate whether substantial evidence supported the ALJ's decision at steps four and five. (Feb. 17, 2012 Report & Recommendation, "R&R") [Doc. No. 18 at 41]. The Court recommended remand to the ALJ to develop a sufficient record to permit the Court to conclude that substantial evidence supported the Commissioner's decision. (R&R at 41–45). The Commissioner filed a response to the Report and Recommendation, stating simply that he did not object to the Court's findings and conclusions. (Def.'s Response to Report and Recommendation) [Doc. No. 19]. The Honorable Joan N. Ericksen adopted the Report and Recommendation and remanded the case for further proceedings. (Feb. 21, 2012 Order) [Doc. No. 20 at 1–2].

Wong filed the instant Motion on May 14, 2012, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Def.'s Mot. at 1). He seeks compensation for nineteen hours of work performed by his attorney, at a rate of $175.00 per hour, amounting to a total award of $3,325.00. (*Id.*). The Commissioner's response to Wong's Motion stated only that he had no objection to the requested fee. (Def.'s Response to Pl.'s Mot. for Att'y's Fees) [Doc. No. 29].

## II.  DISCUSSION

The EAJA provides in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

*Id.* § 2412(d)(1)(B). Attorney's fees requested under this section are based on the prevailing market rates for the services rendered, but may not exceed the rate of $125 per hour "unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." *Id.* § 2412(d)(2)(A).

Initially, a plaintiff bears the burden to establish "prevailing party" status under the EAJA. *See Huett v. Bowen*, 873 F.2d 1153, 1155 (8th Cir. 1989) (per curiam). "Once a party establishes that he or she was a prevailing party, the burden shifts to the government to prove that it was substantially justified in asserting its position." *Id.* (citation omitted). The Commissioner must show that his "position was substantially justified at both the administrative and litigation levels." *Gowen v. Bowen*, 855 F.2d 613, 615 (8th Cir. 1988) (citing 28 U.S.C. § 2412(d)(2)(D)). To establish that his position was substantially justified, the Commissioner must show that the denial of benefits "had a reasonable basis in law and fact." *Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir. 1991) (citing *Pierce v. Underwood*, 487 U.S. 552, 565–66 (1988)).

Wong is a prevailing party. *See Shalala v. Schafer*, 509 U.S. 292, 300–01 (1993). His motion for summary judgment was granted, and his case remanded to the ALJ for further proceedings consistent with the Report and Recommendation. Ordinarily, the Commissioner would next attempt to show that his position was substantially justified. The Commissioner's

response to this Motion constitutes an implicit concession that his position was not substantially justified. After reviewing the record extensively, the Court recommends a finding that the Commissioner's decision had no reasonable basis in fact or law, and thus, was not substantially justified. Finally, as the Commissioner does not dispute the rate, the attorney's fee rate of $175.00 per hour is recommended as appropriate. Wong's attorney is entitled to a fee award of $3,325.00, which represents nineteen hours of work at the rate of $175.00 an hour.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Award of Attorney's Fees [Doc. No. 28] be **GRANTED** in the amount of $3,325.00.

Dated: August 30, 2012

*s/ Steven E. Rau*_____
STEVEN E. RAU
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **September 13, 2012**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.